

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00416-CV

———————————————

JON ERIK ROCHA, Appellant

V.

NASA FEDERAL CREDIT UNION, Appellee

On Appeal from County Court at Law No. 2
Parker County, Texas
Trial Court No. CIV-20-0395

Before Sudderth, C.J.; Birdwell and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Jon Erik Rocha, pro se, appeals from the trial court's turnover and receivership order (the turnover order) in favor of Appellee NASA Federal Credit Union (the Credit Union). Rocha raises three issues on appeal under which he primarily challenges the trial court's jurisdiction and the evidentiary support of both the turnover order and the underlying judgment. Because Rocha's jurisdictional and evidentiary arguments fail and the trial court did not abuse its discretion by rendering the turnover order, we affirm.

## Background

The Credit Union sued Rocha for breach of contract after he failed to make monthly loan payments. On September 22, 2020, the trial court granted summary judgment for the Credit Union and awarded the Credit Union $50,554.27 in damages, plus interest and attorney's fees. Rocha did not appeal from that judgment.

In November 2021, the Credit Union filed an "Application for Turnover Order & Appointment of a Receiver." The application alleged that the Credit Union was entitled to appointment of a receiver under Civil Practice and Remedies Code Section 31.002 because Rocha "ha[d] nonexempt assets, including but not limited to a bank account at Bank of America, N.A., that [could] be used to satisfy the judgment debt owed by Judgment Debtor." *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002. Rocha testified at the hearing on the application, and he acknowledged during cross-examination that he had a Bank of America bank account that had previously been

garnished. The trial court took judicial notice of its previously rendered garnishment order regarding that account.

At the conclusion of the hearing, the trial court granted the application and rendered the turnover order. The order appointed Stanley Wright as receiver with authority to take possession of and sell Rocha's nonexempt property and ordered Rocha to turn over various financial documents and records. Rocha now appeals.

**Standard of Review**

We review for an abuse of discretion a trial court's rendition of a turnover order. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). Whether any evidence supports the turnover order is a relevant consideration in determining if the trial court abused its discretion by rendering the order. *Beaumont Bank*, 806 S.W.2d at 226.

**Discussion**

**I. Rocha's jurisdictional complaints and challenges to the underlying judgment**

Rocha frames his first issue as a challenge to the trial court's subject-matter jurisdiction, but in his arguments under this issue, he includes multiple complaints based on more than one legal theory. We will consider his arguments to the extent that "we can determine, with reasonable certainty, the alleged error about which [his]

3

complaint[s] were made." *See Walker v. Walker*, 642 S.W.3d 196, 212 (Tex. App.—El Paso 2021, no pet.).

Most of Rocha's briefing on this issue focuses on the underlying judgment. He argues that the Credit Union did not support its breach of contract claim with sufficient evidence, and therefore the pleadings in this case are not sufficient to invoke the lower's court's "[j]urisdiction or [j]udicial [p]ower," and the underlying judgment is consequently void.[1] That is, although he characterizes his argument as a jurisdictional challenge, his real complaint is that the underlying judgment was rendered without sufficient evidentiary support. However, insufficient evidence does not make a judgment void. *Cf. Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) (stating that incorrect ruling did not make judgment void); *In re A.E.*, No. 02-19-00173-CV, 2019 WL 4784419, at *3 (Tex. App.—Fort Worth Oct. 1, 2019, pet. denied) (mem. op.) (rejecting the appellant's conflation of alleged trial court error with the absence of jurisdiction). Rocha did not appeal the underlying judgment, and he may not now collaterally attack it. *See Reiss*, 118 S.W.3d at 443; *see also Hagen v. Hagen*, 282 S.W.3d 899, 905 (Tex. 2009)

---

[1]The Credit Union moved for summary judgment on its breach-of-contract claim and attached to its motion a business records affidavit from the Credit Union's records custodian, a copy of the loan agreement, a document showing the balance remaining and payoff amount for the loan, and an affidavit from the Credit Union's attorney stating that the Credit Union had incurred $4,700 in reasonable attorney's fees. The trial court granted the motion and rendered the underlying judgment.

(stating that an attempt to judicially alter or change the substantive provisions of a final decree constitutes a prohibited collateral attack).

To the extent that Rocha contends that the trial court had no jurisdiction to render the turnover order, we reject that contention. A trial court has the authority to enforce its judgments. *See* Tex. R. Civ. P. 308; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 31.002.

Rocha further argues under this issue that the Credit Union had no authority to sue or be sued in Texas and that, instead, "their venue is Federal Court via 12 U.S.C. 632 and their delegated powers." Rocha does not explain how a statute applicable to suits involving a Federal Reserve Bank or a transaction involving international or foreign banking applied to the underlying litigation and deprived the trial court of jurisdiction over the suit. *See* 12 U.S.C.A. § 632; Tex. R. App. P. 38.1(i). Rocha also argues that the loan agreement was signed in Maryland[2] and is governed by federal law.[3] However, he does not explain why either fact deprived the trial court of jurisdiction of the underlying suit or of the turnover proceeding, and he cites no authority to support his argument. *See* Tex. R. App. P. 38.1(i). Rocha further argues that the Credit Union is

---

[2]The loan agreement stated that the Credit Union "accept[ed] this Agreement in Maryland and [that] this loan is made from Maryland." Nothing in the record indicates that Rocha signed the agreement in Maryland.

[3]The loan agreement stated that it was governed by and construed in accordance with federal law and Maryland law.

"not permitted to contract with the general public," but he cites to no authority or any part of the record to support that assertion and does not explain why it matters for purposes of the turnover order's validity. *See id.* Finally, Rocha argues that the Credit Union is not registered with the Texas Secretary of State. Again, he cites to no part of the record to support this assertion and, even if he were correct, he does not explain why that deprived the trial court of jurisdiction to render the underlying judgment or the turnover order. *See id.*; *see also Bierwirth v. AH4R I TX, LLC*, No. 01-13-00459-CV, 2014 WL 5500487, at *3 (Tex. App.—Houston [1st Dist.] Oct. 30, 2014, no pet.) (mem. op.) (stating that holder of note could enforce note without registering to do business in Texas). Because Rocha's arguments under his first issue are without merit, we overrule his first issue.

## II. Rocha's evidentiary complaints

In his second issue, Rocha argues that the Credit Union did not put on proof that the appointment of a receiver was necessary or that he had any non-exempt assets. Like with his first issue, he also makes other unrelated arguments under this issue.

Regarding proof of non-exempt assets, Rocha testified at the hearing that he had a Bank of America bank account. He also testified that this account had previously been garnished, which is evidence that it is not the type of account that is exempt from garnishment. *See* Tex. Prop. Code Ann. § 42.0021 (listing types of accounts that are exempt from attachment, execution, or seizure for satisfaction of debts). Rocha put on no controverting evidence. *See Robison v. Watson*, No. 04-20-00138-CV, 2021 WL

6

2117936, at *5 (Tex. App.—San Antonio May 26, 2021, no pet.) (mem. op.). The trial court thus had evidence that Rocha had a nonexempt asset. *See Heckert v. Heckert*, No. 02-16-00213-CV, 2017 WL 5184840, at *2 (Tex. App.—Fort Worth Nov. 9, 2017, no pet.) (mem. op.) (noting that "[a]lthough there must be evidence that the judgment debtor has nonexempt property that is not readily subject to attachment or levy," the turnover statute "does not specify, or restrict, the manner in which evidence may be received" and does not require "that such evidence be in any particular form, that it be at any particular level of specificity, or that it reach any particular quantum"). Once the Credit Union established the need for a turnover order, the trial court was authorized by the turnover statute to appoint a receiver to take possession of nonexempt property in Rocha's possession or control. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(b)(3).

Rocha also argues that the trial court "ignored affidavits and testimony from [him] that proved the matter was settled and satisfied," that is, that he had already tendered payment for the judgment. The evidence before the trial court was that the only "payment" that Rocha had attempted to make on the judgment was not in a legitimate form. Rocha produced as evidence of attempted payment a notarized document that he had created, titled "Bookkeeping Entry Credit Remittance Coupon." The coupon stated that it was payable to the Credit Union, and it further stated, "I do assign and pledge the total value of the obligation to the United States of America through the United States Department of the Treasury to be redeemed for value IN BOOKKEEPING ENTRY CREDIT ON ACCOUNT . . . ." When the trial court

7

asked Rocha to explain from which account the coupon could be paid, Rocha explained that it was payable out of his Social Security account, although he acknowledged that he is not eligible to receive Social Security payments. Rocha stated that this coupon was what he had sent to the Credit Union's attorney as payment on the judgment and that the attorney had "sent [Rocha] a letter back rejecting [his] offer." Rocha's coupon, however, was not a valid payment. *See In re Pease*, No. 09-54754-C, 2010 WL 986415, at *1 (Bankr. W.D. Tex. Mar. 15, 2010) (order); *see also Miller v. Exelon*, No. 19-CV-0231, 2019 WL 952273, at *1, *3 (E.D. Pa. Feb. 26, 2019) (mem. op.). Accordingly, the trial court correctly rejected Rocha's evidence of payment.

Under this issue, Rocha also complains about the trial court's overruling of his hearsay objections to the Credit Union's attorney's arguments at the hearing. In other words, Rocha argues that the trial court should have applied rules of evidence to limit the attorney's arguments. However, as Rocha recognizes elsewhere in his brief, an attorney's arguments are not evidence. *See Aerotek, Inc. v. Boyd*, 624 S.W.3d 199, 208 (Tex. 2021). Thus, his hearsay objections had no application to the attorney's arguments.

Finally under this issue, Rocha complains about the trial court's failure to file findings of fact and conclusions of law. For this argument, we will assume that various post-turnover-order documents filed by Rocha in the trial court properly requested findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296, 298.

When the trial court's failure to file findings and conclusions does not prevent an appellant from properly presenting its case on appeal, the failure is harmless error. *Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014). A presumption of harm from a trial court's failure to file findings and conclusions "does not apply to a simple case because an appellant is not faced on appeal with the task of dissecting multiple permutations of why the trial court may have ruled as it did." *York v. Cooper-York*, No. 02-20-00356-CV, 2021 WL 2753527, at *3 (Tex. App.—Fort Worth July 1, 2021, pet. denied) (mem. op.). Rocha does not explain how the trial court's failure to make findings and conclusions prevented him from properly presenting his case on appeal. For example, Rocha does not contend that the Credit Union asserted more than one possible basis for the granting of a receiver and the issuance of a turnover order and that he was left guessing what the basis was for the order. *See In re C.A.B.*, 289 S.W.3d 874, 881 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *see also Isaac v. Burnside*, 616 S.W.3d 609, 614 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). Rocha was able to challenge the sufficiency of the evidence to support the turnover order, and we have addressed that challenge. Any error in failing to file findings and conclusions was harmless. *See In re C.A.B.*, 298 S.W.3d at 881; *see also Isaac*, 616 S.W.3d at 614; *Tolpo v. Denny*, No. 02-15-00231-CV, 2016 WL 1601068, at *4 (Tex. App.—Fort Worth Apr. 21, 2016, no pet.) (mem. op.). We overrule Rocha's second issue.

## III.  Rocha's complaints about the trial court

In Rocha's third issue, he argues that the trial judge, "along with other court personnel, violated their Oaths of Office as elected officials and [their] Fiduciary Duty to the Public Trust" by failing to hold the Credit Union to its burden of proof and that the judge "made a decision that would benefit the court, and not the people." We have already addressed Rocha's evidentiary challenges. Further, Rocha does not explain how the turnover order benefitted the trial court. *See* Tex. R. App. P. 38.1(i). None of Rocha's arguments under this issue explain how the trial court abused its discretion by rendering the turnover order. Moreover, to the extent that Rocha's third issue encompasses a partiality or bias challenge to the court's actions in rendering the turnover order, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994); *De Los Reyes v. Maris*, No. 02-21-00022-CV, 2021 WL 5227179, at *3–4 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op.). We overrule Rocha's third issue.

## Conclusion

Having overruled Rocha's three issues, we affirm the trial court's turnover order.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  June 16, 2022

10